UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASSANDRA TYLER                                                    CIVIL ACTION

VERSUS                                                             NO. 05-1308

OLD AMERICAN COUNTY MUTUAL FIRE                                    SECTION T(4)
INSURANCE COMPANY, CUSTOM CLAY
PRODUCTS, STATE FARM MUTUAL
AUTOMOBILE COMPANY
and LUIS FLORES

Before the Court is a Motion for Summary Judgment (Doc. 34) filed on behalf of the plaintiff, Cassandra Tyler ("Tyler"). Oral argument was not entertained by the Court; therefore, the matter was taken under submission on the briefs on March 29, 2006. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

## ORDER AND REASONS

### I.  BACKGROUND

Plaintiff, Tyler, was the driver of a car which was involved in an accident on April 21, 2004. Luis Flores, the defendant driver of the other vehicle, while in the course and scope of his employment with Custom Clay Products and insured by Old American County Mutual Fire Insurance Company, hit her from behind while driving down I-10. The plaintiff filed this

Motion for Summary Judgment regarding whether the negligence of Luis Flores was the sole cause of this accident.

## II.     LAW AND ANALYSIS OF THE COURT

### A.     Law on Summary Judgment

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), *cert. denied*, 506 U.S. 832 (1992)).  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."  *Matsushita Elec. Indus. Co.*, 475 U.S. at 588.  Finally, the Court notes that substantive law determines the materiality of facts and only

"facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**B.     Analysis of the Court**

The plaintiff argues that the law is clearly in her favor on the subject of rear-end collisions.  A following motorist in a rear end collision is presumed to have breached the duty not to follow another vehicle more closely than is reasonable and prudent, and is presumed negligent.  *Hoppstetter v. Nichols,* App. 5 Cir. 1998, 98-185 (La. App. 5 Cir. 7/28/98), 716 So.2d 458, writ denied 98-2288 (La. 11/13/98).  In support of her argument, plaintiff attaches her affidavit, which states that she was struck in the rear by Mr. Flores' vehicle several times and that "his following too closely was the sole cause of this accident."  Also attached is the police report which states that Mr. Flores vehicle did strike the rear of plaintiff's vehicle and was cited for careless operation.

Although the following motorist in a rear- end collision is presumed negligent, the presumption is rebuttable.  A following motorist may rebut this presumption by proving:  (1) that the motorist had his vehicle under control;  (2) that he closely observed the preceding vehicle; and  (3) that he followed at a safe distance under the circumstances.  *Daigle v. Mumphrey,* App. 4 Cir. 1997, 691 So.2d 290 (1996-1891), La. App. 4 Cr. 312/97; *Brandon v. Trosclair*, App. 4 Cir. 2001, 800 So.2d 49, 2000-2374 (La. App. 4 Cir. 10/17/01).  In this case, Mr. Flores has not yet been deposed, therefore, he has not yet had an opportunity to rebut the presumption

Summary judgment is not appropriate when conflicting evidence exists.  The plaintiff says she was struck several times, yet there is no mention of this in the accident report.  In addition, plaintiff says that the defendant was "following too closely," while Mr. Flores was

cited only for careless operation.  In this matter, there exist several questions of fact, including whether Mr. Flores stopped suddenly or unnecessarily, whether Ms. Tyler is free from negligence and whether Mr. Flores can rebut the presumption of liability.

In addition, the Uniform Motor Vehicle Traffic Crash Report relied upon by the plaintiff is inadmissible hearsay evidence pursuant to Federal Rule of Evidence 802, *et seq*.  The investigating officer's conclusions with regard to the accident were acquired from his investigative analysis and not first hand knowledge and therefore, his conclusions are not admissible.  See, *Maricle v. Liberty Mut. Ins. Co.*, La. App. 3 Cir. 2005, 898 So.2d 565, 2004-1149 (La. App. 3 Cir. 3/2/05), rehearing denied.

Therefore, this Court finds that while there is a presumption that Mr. Flores is negligent, it is rebuttable.  Summary judgment is not appropriate until Mr. Flores has been afforded the opportunity to testify regarding the specific details of this accident[1].

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment on behalf of the plaintiff, Cassandra Tyler, be and the same is hereby **DENIED.**

---

[1] All issues regarding the taking of defendant's deposition and other issues raised in plaintiff's Motion to Compel will be heard by Magistrate Judge Roby.  (See this Court's March 29, 2006 Order referring Motion to Compel to Magistrate Judge Roby.)

New Orleans, Louisiana, this 29th day of March, 2006.

_____
**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**